106  151
107  268

## GLOBE CASKET MANUFACTURING CO. *v.* WOLCOTT.

1. FRAUDULENT CONVEYANCES—BILL OF SALE AS SECURITY—RIGHTS OF CREDITORS.

    K. executed a bill of sale of his stock in trade to B. to secure him against loss on indorsements, with the understanding that B. should conduct the business until sufficient should be realized to satisfy the indebtedness upon which he was liable, and should then turn the stock over to K., or to the one then entitled thereto. B. having died, his administrator continued the business in the usual way for a time, and then gave a bill of sale of all his right, title, and interest in the stock to W., another creditor of K., in cons'deration of the payment by W. of the obligations upon which B. was liable and of the debts incurred in the conduct of the business. *Held,* that if the transfer to W. was intended to pass an absolute title, and the consideration paid was a fair one, other creditors of K. could maintain no right to the property, as such a sale was authorized under the bill of sale to B.

2. GARNISHMENT—COSTS.

    The "costs and charges" to which a garnishee is entitled by the terms of 2 How. Stat. § 8098, upon his discharge, are such as may be fixed in the circuit court upon motion.

Error to Lenawee; Lane, J. Submitted June 14, 1895. Decided July 2, 1895.

Garnishment proceedings by the Globe Casket Manufacturing Company against Isaac C. Wolcott, as garnishee of John S. Kinney. From a judgment for the garnishee defendant, plaintiff brings error. Affirmed.

*James W. Wightman* and *Wood & Bird,* for appellant.

*Walter C. Burridge* and *Salsbury & O'Mealey,* for appellee.

LONG, J. On March 17, 1893, the Globe Casket Manufacturing Company began suit against John S. Kinney to recover $323 due it from him for goods sold and delivered. Simultaneously with the beginning of this suit, a garnishee suit was begun against Isaac C. Wolcott, the defendant herein, the plaintiff claiming that Wolcott had money and effects in his hands belonging to Kinney.

Plaintiff's claim is that, for some years prior to the year 1893, John S. Kinney had been engaged in the furniture and undertaking business in the village of Tecumseh, and had become indebted to a number of persons, among whom was the plaintiff. Mr. Kinney was taken ill in the latter part of the year 1892, and at that time made a bill of sale of his entire stock and book accounts to William Bresie, his brother-in-law, who had indorsed his paper to a considerable amount, to secure him against loss in the event of Kinney's death. The understanding was, at the time the bill of sale was executed, that Mr. Bresie should take charge of the stock and conduct the business until he could realize enough out of it to satisfy the indebtedness upon which he was liable, at which time he should turn the stock over to Mr. Kinney, or to whoever should be entitled to it when that time arrived. In pursuance of this agreement, Mr. Bresie took charge of the business, and conducted it only a few months, when he died. Then his son and administrator conducted the business for a time, but afterwards turned the entire stock and book accounts over to Wolcott, the defendant, who was induced to take hold of it by reason of his having a note against Mr. Kinney for $275. Bresie, as administrator, gave Wolcott a bill of sale of all his right, title, and interest in the stock and book accounts, and Wolcott gave him in return a bond to pay certain indebtedness, amount-

ing to $586, that the administrator was liable for. This was the only consideration. Then Wolcott took charge of the stock, and conducted the business until he had realized enough out of the stock to pay the $586 which he had assumed and his own note of $275, at which time this garnishee process was served upon him. He disclosed that he had no money or effects in his hands belonging to Mr. Kinney. He was then cited to appear before the judge for examination, which examination was had. Judgment in the principal suit was taken against John S. Kinney by default for $323, and a judgment for costs, taxed at $34.

Plaintiff's contention is that the title to this property never left Mr. Kinney; that Mr. Bresie simply had security on it, and that Mr. Wolcott got just the right that Mr. Bresie had, and no more; and that when the claims of $586, which Mr. Wolcott had assumed, and his own note for $275, were paid, the balance belonged to Mr. Kinney, or to his creditors. The defense in the trial court was that it was an absolute sale of the property from Bresie's administrator to Wolcott, and that it did not matter if there were more than enough to pay the accounts Wolcott had assumed and his own note; that that was an advantageous bargain for Wolcott, and he was not concerned with the other creditors of Kinney; and that he had a lawful right to whatever balance there might be over and above his claims. The defendant claimed that, after William Bresie, Jr., took control of the stock, he continued the business, bought new goods, and contracted new obligations, as though the business had belonged to his father in his lifetime; that when he sold out the business to Wolcott he took from Wolcott a bond in the sum of $1,000 to protect the Bresie estate, as well as himself individually, from all indebtedness incurred by the estate or the administrator in such business; that upon the execution of the bill of sale Mr. Wolcott took possession of the stock, claiming it as his own, paid the store rent, devoted his time and energies to the business,

paid the expenses, and by good management realized enough from the business to pay his own claim and the Bresie debts; that there were still some disputed claims against the Bresie estate for which he is liable; that Wolcott bought the property at a fair sale, giving a fair consideration for it, and that it was to him an absolute sale.

The principal contention arises over the refusal of the court to give several requests of plaintiff to charge, and the charge as given. It is unnecessary to set out specifically the various requests to charge. The claim made thereunder may be reduced to this: That the bill of sale from Kinney to Bresie was a mere security to enable Bresie to get his pay for his claims and indorsements for Kinney, and when that was effected the balance was to be turned back to Kinney; that the bill of sale from Bresie to Wolcott was also given as security, and did not pass an absolute title; that under the bill of sale from Bresie to Wolcott the law would regard the title as still in Mr. Kinney, subject to whatever liens Bresie had, and that Wolcott would stand in the position of trustee to Kinney, and therefore the plaintiff would be entitled to recover whatever funds might be found in Wolcott's hands after paying his own debt and the debts of Bresie. The court below regarded the case as one for the jury, and refused the requests. He charged the jury, substantially, that if the sale from Bresie to Wolcott was a fair one the plaintiff could not recover. By some of the requests it was also claimed that the stock was worth much more than the amount paid. This question was fairly submitted to the jury.

It appears that the bill of sale from Bresie to Wolcott was absolute in form, conveying all the right, title, and interest of Bresie therein. It is unnecessary to set out the testimony showing the arrangements between the parties. It is sufficient to say that Wolcott claims to have regarded the sale as absolute, and throughout acted upon the theory that he was the owner. If he paid a fair

consideration for the goods, the creditors had no right therein, as Bresie had the undoubted right, under the circumstances, to make the sale. The whole question was one for the jury, and, we think, fairly submitted.

The judgment is affirmed.

Some question is raised by the counsel for the garnishee in reference to costs which a garnishee may recover in such cases under the provisions of section 8098 of Howell's Statutes. We think that under this statute the "costs and charges" referred to must be such as may be fixed in the circuit upon motion there. The garnishee will recover the usual costs in this court.

The other Justices concurred.