## WOLCOTT *v.* LENAWEE CIRCUIT JUDGE.

GARNISHMENT—COSTS—CONTESTING GARNISHEE.

2 How. Stat. § 8098, providing that a garnishee who appears and makes disclosure shall be allowed a reasonable sum for his counsel fees and other necessary expenses, applies only where no issue is framed, and the garnishee is adjudged liable or is discharged upon answer. The costs in contested cases are regulated by 2 How. Stat. § 8073, and are limited in amount by the general statute respecting costs. MONTGOMERY and HOOKER, JJ., dissenting.

*Mandamus* by Isaac C. Wolcott against Victor H. Lane, circuit judge of Lenawee county, to compel the allowance of a suitable sum for counsel fees and expenses in defending a garnishment suit in the Supreme Court. Submitted October 22, 1895. Denied November 19, 1895. Opinion filed December 10, 1895.

*Walter C. Burridge* and *Salsbury & O'Mealey,* for relator.

*James W. Wightman,* for respondent.

McGRATH, C. J.   Relator is the garnishee defendant in *Globe Casket Manfg. Co.* v. *Wolcott,* 106 Mich. 151, and, acting upon the suggestion made at the close of the opinion in that case, moved the circuit court for an allowance, under 2 How. Stat. § 8098.   The circuit court made an order for counsel fees in that court, but refused to consider the question of an allowance for fees in this court, and this is an application to compel such consideration.

2 How. Stat. § 8098, is as follows:

"If the garnishee shall appear and make disclosure, as before provided, he shall be allowed his costs for trial and attendance as in case of a witness, and such further sum as the court shall think reasonable for his counsel fees and other necessary expenses; and in case he shall be adjudged liable, the same may be taxed and deducted from the property or money in his hands, and he shall be chargeable only for the balance; and if the garnishee shall be discharged, whether by reason of his having no money or property, or because the plaintiff shall not recover judgment against the principal defendant, or for any cause, his said costs and charges shall be paid by the plaintiff, and the garnishee may have the same taxed, and judgment and execution therefor."

There is, however, another section of the statute which counsel at the hearing of *Globe Casket Manfg. Co.* v. *Wolcott,* and the court in the opinion therein, overlooked. 2 How. Stat. § 8073, is as follows:

"If on such trial judgment shall be rendered against the garnishee for a greater amount or for other property than he would have been chargeable for on his disclosure, it shall carry full costs, otherwise the garnishee shall recover costs; execution shall issue as in ordinary cases."

Both of these sections must be construed together.   It is clear that section 8073 applies to all contested cases; that the costs referred to are those allowed to prevailing parties under the general statute relating to costs; and that the amount to which garnishee defendants are entitled in contested cases is limited by the general statute respecting costs.   2 How. Stat. § 8098, applies where no

issue is framed, and where the garnishee defendant is adjudged liable upon answer, or when he is discharged upon answer by reason of his having no money or property, or by reason of the plaintiff's failure to recover judgment against the principal defendant, or for any cause. In this class of cases the garnishee cannot be regarded as a prevailing party, or as coming within the general statute, and the intention was to provide for counsel fees and expenses in such cases. This is the view that has been taken in practice since the passage of the act in 1861, and is, we think, the proper construction of the sections considered together. There is no good reason why a contesting garnishee defendant should be preferred over an assignee, grantee, or transferee who is made a party defendant to a bill in aid of execution or a creditor's bill, or who is made a defendant in an attachment proceeding, and we are satisfied that the legislature did not so intend.

The writ is therefore denied.

LONG and GRANT, JJ., concurred with McGRATH, C. J.

MONTGOMERY, J. We think the costs referred to in section 8073 are those defined in section 8098, and that, under the latter section, the costs for trial and attendance as a witness, and such further sum as the court shall think reasonable for his counsel fees and other necessary expenses, may be allowed in any case in which the plaintiff is not entitled to costs under section 8073.

HOOKER, J., concurred with MONTGOMERY, J.